UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ROBINSON,

    Petitioner,

                                     Case No. 15-10571
          v.               HON. TERRENCE G. BERG

LORI GIDLEY,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
THE PETITION FOR A WRIT OF HABEAS CORPUS (DKT. 1),
DENYING THE MOTION FOR BOND (DKT. 2), DENYING A CERTIFICATE
OF APPEALABILITY, AND DENYING LEAVE TO PROCEED
<u>IN FORMA PAUPERIS ON APPEAL</u>**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Christopher Robinson ("Petitioner") challenges his 2005 and 2013 parole revocations in his pleadings.[1] (Dkt. 1.) Having reviewed the matter, the Court finds that Petitioner has not exhausted his habeas claims in the state courts. Accordingly, the Court shall dismiss without prejudice the petition for a writ of habeas corpus

---

[1] Petitioner was convicted of first-degree criminal sexual conduct following a jury trial in the Washtenaw County Circuit Court and sentenced to 12 to 30 years imprisonment in January, 1990. He was convicted of assaulting an employee or escaping from jail following a plea in the Ionia County Circuit Court and sentenced to 2 to 4 years' imprisonment in October, 1990. He was also convicted of assaulting, resisting, or obstructing a police officer following a bench trial in the Washtenaw County Circuit Court and sentenced to 2 to 4 years imprisonment in January, 2014. Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=206760. Petitioner filed a separate habeas petition challenging his most recent criminal conviction, which was denied on March 11, 2015 by the Honorable George Caram Steeh. *Robinson v. Gidley*, No. 15-10572 (E.D. Mich. Mar. 11, 2015, Dkt. 5).

(Dkt. 1) and deny Petitioner's motion for bond (Dkt. 2). The Court shall also deny a certificate of appealability and shall deny leave to proceed in forma pauperis on appeal.

## I. DISCUSSION

Petitioner challenges his 2005 and 2013 parole revocations. Petitioner states that he was first paroled in 2004. (Dkt. 1, p. 8, ¶ 1.) In 2005, Petitioner was found guilty of violating his parole for failing to register as a sex offender and was returned to prison. (*Id.* at 3, ¶ 6.) Petitioner states that he was paroled again in 2011. (*Id.* at 9, ¶ 4.) In 2013, he pleaded nolo contendere to parole violations for failing to comply with sex offender treatment, for assaulting, threatening, or resisting and obstructing a police officer, and for engaging in assaultive, threatening, or intimidating behavior in resisting arrest and verbal commands from a parole agent, in exchange for the dismissal of other parole violation charges, and was returned to prison. (Dkt. 1, Ex. M, Ex. O.) Petitioner dated his federal habeas petition on February 3, 2015. (Dkt. 1.)

A prisoner filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 must first exhaust all state remedies. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). This holds true for habeas petitions challenging state

parole revocation decisions. *See Brewer v. Dahlberg*, 942 F.2d 328, 337-39 (6th Cir. 1991); *Pajer v. Gidley*, No. 15-CV-10376, 2015 WL 669319, at *2 (E.D. Mich. Feb. 17, 2015); *Wem v. Burt*, No. 09-CV-13754, 2011 WL 825730, at *1 (E.D. Mich. Mar. 3, 2011); *Knuckles v. Bell*, No. 08-CV-10942, 2008 WL 1743494, at *1 (E.D. Mich. Apr. 14, 2008); *Swantak v. Romanowski*, No. 08-CV-10126, 2008 WL 186127, at *1-2 (E.D. Mich. Jan. 18, 2008); *Simmons v. Michigan Dept. of Corrections Parole Bd.*, No. 07-CV-15442, 2008 WL 62459, at *1 (E.D. Mich. Jan. 3, 2008).

To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have raised both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each claim must also be raised before the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009 (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

3

Based on the record, it is clear that Petitioner has failed to establish that he fully exhausted his parole revocation claims in the state courts before proceeding in federal court on habeas review. Petitioner states that he attempted to exhaust state remedies as to his habeas claims, but asserts that "the MDOC and the state courts are being vindictive and the state courts refuse to issue the writ or even answer [his] letters." (Dkt. 1, p. 27, ¶¶ 44-45.) Petitioner, however, provides no documentation to support his assertion that the state courts are refusing to file appropriate pleadings challenging his parole revocations.

Moreover, Petitioner has an available remedy by which to exhaust his parole revocation claims in the state courts. For example, if Petitioner has not already done so, he may bring a complaint for writ of habeas corpus in the appropriate state circuit court. *See* Mich. Comp. Laws § 600.4301 et seq., Mich. Ct. R. 3.303; *Triplett v. Deputy Warden*, 774, 371 N.W.2d 862 (1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 380-81 (E.D. Mich. 1991). Such a complaint may be filed at any time, even today, so long as Petitioner was in custody when the judgment became effective. *See Triplett*, 371 N.W. 2d at 865.[2] While the denial of such a writ is not appealable by right, the petition may be renewed by filing an original complaint for writ of habeas corpus with the Michigan Court of Appeals. *Id*. Denial of such a

---

[2] The Michigan Administrative Procedures Act, Mich. Comp. Law § 24.201 *et seq*., also provides an inmate whose parole has been revoked with the right to seek judicial review of the Parole Board's decision in the state circuit court. *See Penn v. Department of Corrections*, 100 Mich. App. 532, 298 N.W.2d 756 (1980). This must be done within 60 days of the parole revocation. The circuit court decision is appealable in the Michigan Court of Appeals and the Michigan Supreme Court. *See* Mich. Ct. R. 7.205, 7.302.

complaint by the Michigan Court of Appeals is subject to review by the Michigan Supreme Court. *See* Mich. Ct. R. 7.301.

Here, Petitioner cannot demonstrate that he has exhausted available state court remedies prior to filing his federal habeas petition. Absent the exhaustion of those remedies, his claims concerning his parole revocations are premature and must be dismissed.

## II. CONCLUSION

For the reasons stated above, the Court concludes that Petitioner failed to establish that he has properly presented his habeas claims to the state courts before filing this action and that he must fully exhaust his claims in the state courts before proceeding on federal habeas review. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus (Dkt. 1). The Court makes no determination as to the merits or timeliness of Petitioner's claims.[3] Given this determination, the Court also **DENIES** Petitioner's pending motion for bond (Dkt. 2).

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a

---

[3] The Court is aware, however, that Petitioner's re-release on parole in 2011 may have rendered his habeas claims concerning his 2005 parole revocation moot. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 8-18 (1998). In addition, although this question is not before the Court, all of Petitioner's federal habeas claims will be subject to the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244(d).

federal district court relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling.

Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: April 13, 2015

## Certificate of Service

I hereby certify that this Order was electronically submitted on April 13, 2015, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
Case Manager

6